**LAW OFFICES OF MICHAEL E. MARQUEZ**
State Bar No. 176173
1500 Adeline Drive
Burlingame, CA 94010
Phone (650) 343-2611
Attorney for: Estate of Vincent McLaughlin and
Raquel McLaughlin-Ray

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—SAN JOSE DIVISION

| | |
|---|---|
| Estate of Vincent McLaughlin and Raquel McLaughlin Ray,<br><br>            Plaintiff<br><br>Terri Owen, Media News Group, Inc., The McClatchey Company, Aetna Life Insurance Company and DOES 1 through 30 inclusive,<br><br>            Defendant | Case No. CV11-02287 EJD<br><br>**SUPPLEMENTAL CASE MANAGEMENT STATEMENT AND ~~PROPOSED~~ ORDER**<br><br>Date: January 27, 2012<br>Time: 10:00 a.m.<br>Courtroom: 1 |

Pursuant to Local Civil Rule 16-10(d), and Standing Order for All Judges of the Northern District of California regarding Contents of Joint Case Management Statements, plaintiffs Estate of Vincent McLaughlin and Raquel McLaughlin-Ray and defendants Terri Owen, MediaNews Group and Aetna Life Insurance Company respectfully submit their Joint Case Management Conference Statement.

<u>DESCRIPTION OF SUBSEQUENT CASE DEVELOPMENTS</u>

1. The following progress or changes have occurred since the last case management statement filed by the parties:

    a. Plaintiffs filed a First Amended Complaint on November 28, 2011.  Defendants MediaNews Group and Terri Owen have filed Answers to the First Amended Complaint.

    b. Defendant Aetna Life Insurance Company filed a Motion to Strike Certain Portions of Plaintiffs' First Amended Complaint on January 13, 2012. This motion is set for hearing on March 16, 2012.

    c. Defendant Owen filed a Motion to Expunge Lis Pendens on November 16, 2011. That motion is also set for hearing on March 16, 2012.

    d. Thus far, the parties have not engaged in settlement discussions. However, the parties have agreed to confer within 120 days, once additional discovery has been conducted, to determine and schedule an appropriate form of ADR.

    e. The parties have agreed to propose to the court a 30 day extension of time for all parties to conduct fact discovery, and the parties request a new Fact Discovery Cutoff date of July 1, 2012. The parties do not anticipate that this extension will affect any other deadline identified in the October 25, 2011 Case Management Order.

2. Aetna contends discovery is inappropriate in this matter because it is governed by ERISA and the review of Aetna's benefits determination is for an abuse of discretion and limited to the administrative record. Aetna will not propound any discovery and will oppose any attempt by plaintiff to supplement the administrative record

    This is an ERISA claim and the sole issue is a review of the propriety of the decision to deny or limit benefits, applying the appropriate standard of review. The evidence supporting the claims decision is reviewable in that context only and cannot be added to by information not provided to the claims administrator at the time the decision was made. It is the propriety of that decision based upon the records then available that is the crux of any benefit suit under ERISA. Therefore extra record evidence, including witnesses and exhibits outside of the Administrative Record, is improper.

    This Ninth Circuit has clearly established that "the abuse of discretion standard permits the district court to 'review only the evidence presented to the [plan] trustees.'" *Banuelos v. Constr. Laborers' Trust Funds for S. Cal.,* 382 F.3d 897, 904 (9th Cir. Cal. 2004)(internal citation omitted). "This conclusion is consistent with the nature of abuse of

discretion review, furthers the goals of ERISA, and is in line with the decisions of nearly every other circuit to consider the issue." *Ibid*.  Under an abuse of discretion standard of review, the decision on the merits, must rest on the administrative record once the conflict (if any) has been established.  *Abatie v. Alta Health & Life Ins. Co.,* 458 F. 3d 955, 970.

There are two exceptions to this rule:  (1) "…a district court may hear such evidence when the court must determine if a plan administrator's decision was affected by a conflict of interest…[and (2)] the court [in its discretion] can hear evidence outside the administrative record when the standard of review of the administrative decision is de novo" only when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision.  *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995).  This case does not invoke either of these two exceptions, and therefore evidence outside the administrative record is not permitted.

3. The parties jointly request the Court to make the following Supplemental Case Management Order:

   a. The deadline to conduct fact discovery is extended by 30 days, with a new Fact Discovery Cutoff date of July 1, 2012.

DATED: January 27, 2012				Respectfully submitted,

						LAW OFFICE OF MICHAEL E. MARQUEZ

						__/s/ Michael E. Marquez_____
						Michael E. Marquez
						Attorney for Plaintiffs


						CASAS, RILEY, & SIMONIAN


						__/s/ Valerie S. Higgins_____
						Gregory C. Simonian
						Valerie S. Higgins
						Attorneys for MediaNews Group, Inc.

LAW OFFICE OF SANDRA DEMENT

_/s/ Sandra Dement_____
Sandra Dement
Attorney for Terri Owen

GORDON & REES

__/s/ Jordan Altura_____
Jordan Altura
Caraine Leon Guerrero
Attorneys for Aetna Life Insurance Co.

SUPPLEMENTAL CASE MANAGEMENT ORDER

The Supplemental Case Management Statement and Proposed Order is hereby adopted by the Court as a Supplemental Case Management Order for the case and the parties are ordered to comply with this Order. The deadline to complete fact discovery is hereby extended to July 1, 2012.

The court schedules this action for a Preliminary Pretrial Conference on June 8, 2012, at 11:00 a.m. The parties shall file a Joint Preliminary Pretrial Conference statement on or before May 29, 2012.

The Case Management Conference scheduled for February 3, 2012, is VACATED.

DATED: January 31, 2012

_____
EDWARD J. DAVILA
United States District Judge