**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF VINCENT McLAUGHLIN, et. al.,<br><br>              Plaintiff(s),<br>v.<br>TERRI OWENS, et. al.,<br><br>              Defendant(s). | CASE NO. 5:11-cv-02287 EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE; GRANTING DEFENDANT'S MOTION TO EXPUNGE LIS PENDENS**<br><br>[Docket Item No(s). 31, 40] |

## I. INTRODUCTION

Plaintiffs Estate of Vincent McLaughlin and Raquel McLaughlin-Ray (collectively, "Plaintiffs") filed the instant action against Defendants Terri Owen ("Owen"), San Jose Mercury News, LLC, The McClatchey Company and Aetna Life Insurance Company ("Aetna"), alleging wrongful payment of life insurance benefits. Presently before the Court are two matters: (1) Aetna's Motion to Strike portions of the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(f) (see Docket Item No. 40), and (2) Owen's Motion to Expunge a lis pendens recorded against her home by Plaintiffs. See Docket Item No. 31.

The court finds these matters suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons explained below, Aetna's motion will be denied while Owen's motion will be granted.

1
CASE NO. 5:11-cv-02287 EJD
ORDER DENYING DEFENDANT'S MOTION TO STRIKE; GRANTING DEFENDANT'S MOTION TO EXPUNGE LIS PENDENS

## II. THE MOTION TO STRIKE

### A. Legal Standard

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because such motions are disfavored, a motion to strike will generally not be granted unless it is clear the matter to be stricken could not have any possible bearing on the subject matter of the litigation. See RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005); see also LeDuc v. Ky. Cent. Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992).

When the court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." In re 2TheMart.com, Inc. Sec Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). A motion to strike should be denied if there is any doubt whether the allegations in the pleadings might be relevant in the action. Id. Material that is redundant, immaterial, impertinent or scandalous is properly stricken. Id.

### B. Discussion

A motion under Rule 12(f) may be used to strike an improvident demand for jury trial. See, e.g., Stout v. Hartford Life & Accident Ins. Co., No. C 11-6186 CW, 2012 WL 762024, 2012 U.S. Dist. LEXIS 30862, at *2-3 (N.D. Cal. Mar. 8, 2012); Hoffman v. Am. Soc'y for Tecnnion-Israel Inst. of Tech., Inc., No. 09cv2482 AJB (CAB), 2011 WL 5570075, 2011 U.S. Dist. LEXIS 132207, at *9-10 (S.D. Cal. Nov. 16, 2011). And as Aetna points out, Ninth Circuit precedent provides that in "ERISA actions there is no independent constitutional or statutory right to a jury trial." Nevill v. Shell Oil Co., 835 F.2d 209, 212-13 (9th Cir. 1987) (citing Blau v. Del Monte Corp., 748 F.2d 1348, 1357 (9th Cir. 1984)); Thomas v. Oregon Fruit Prods. Co., 228 F.3d 991, 996-97 (9th Cir. 2000).

Such precedent, however, does not result in an order striking Plaintiffs' jury trial demand here. Aetna's motion to strike the demand stems from its apparent characterization of this action as one governed exclusively by ERISA, and Aetna cites one of this court's prior orders in support of that claim. See Decl. of Caraine R. Leon Guerrero, Docket Item No. 41, at ¶ 2. The problem with this characterization, however, is that a determination of ERISA's application to, or preemption of,

United States District Court
For the Northern District of California

*every* state law cause of action alleged by Plaintiffs has not yet been made. Indeed, the prior order referenced by Aetna was one addressing a motion to remand. See Order Denying Pl.s' Mot. to Remand, Docket Item No. 26. For that particular motion, the court found that ERISA's express preemption of three particular causes of action supports federal question jurisdiction, and that supplemental jurisdiction exists as to the remaining claims. See id. ("Having found that three of Plaintiff's claims are subject to complete preemption under ERISA, the court must find a basis for federal jurisdiction here. . . . Accordingly, the court may assert supplemental jurisdiction over the remaining claims and must deny Plaintiff's motion to remand."). The court did not make a determination that ERISA exclusively governs this case; such a finding was not necessary since the motion to remand was not a motion to dismiss. Neither can such a determination be made within this motion since it is not a proper vehicle to test the legal sufficiency of the FAC. See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010).

Plaintiffs may not be entitled to a jury trial as to those causes of action preempted by ERISA. However, they are entitled to a jury trial on those that are not preempted. See U.S. Const. amend. VII. For this reason, the demand may ultimately have some bearing on this litigation. Viewing the FAC in the light most favorable to Plaintiffs even in the absence of opposition, the motion to strike is denied with respect to the demand for jury trial.

In addition, Aetna's motion to strike Plaintiffs' prayer for extra-contractual damages must also be denied. Although "[e]xtracontractual, compensatory and punitive damages are not available under ERISA," (Bast v. Prudential Ins. Co. of Am., 150 F.3d 1003, 1009 (9th Cir. 1998)), "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." Whittlestone, Inc., 618 F.3d at 974.

### III. MOTION TO EXPUNGE

State law controls matters relating to lis pendens. See 28 U.S.C. § 1964. In California, any party may apply to the court in which the action is pending to expunge a lis pendens. Cal. Code Civ. Proc. § 405.30. The court must grant a motion to expunge if it determines either (1) that the pleading on which the notice is based does not contain a real property claim, or (2) that the claimant

1 has not established by a preponderance of the evidence the probable validity of the real property
2 claim. Cal. Code Civ. Proc. §§ 405.31, 405.32. "[T]he burden is on the party opposing the motion
3 to show the existence of a real property claim." Kirkeby v. Sup. Ct., 33 Cal. 4th 642, 647 (2004).

4 Owen argues this action does not contain a real property claim. The court agrees. A "real
5 property claim" is a cause of action "in a pleading which would, if meritorious, affect (a) title to, or
6 the right to possession of, specific real property . . . ." Cal. Code Civ. Proc. § 405.4. None of the
7 causes of action contained in the FAC affect the title to or right to possession of Owen's home on
8 their face. To the extent Plaintiffs' rely on a claim for constructive trust, such reliance is misplaced.
9 See Lewis v. Sup. Ct., 30 Cal. App. 4th 1850, 1862 (1994) ("[A]llegations of equitable remedies,
10 even if colorable, will not support a lis pendens if, ultimately, those allegations act only as a
11 collateral *means to collect money damages*." (internal quotations omitted, emphasis preserved)).
12 The case cited by Plaintiffs in opposition, Hunting World, Inc. v. Superior Court, 22 Cal. App. 4th
13 67 (1994), does not compel a different conclusion since fraudulent conveyance is not alleged here.

14 Accordingly, the motion to expunge the lis pendens will be granted. Since Owen did not
15 provide sufficient evidence to support her request for attorney's fees and costs, such as information
16 concerning her attorney's billing rate, the amount requested, or an explanation as to its reasonability,
17 fees and costs pursuant to California Code of Civil Procedure § 405.38 will be denied as unjust
18 under the circumstances.

### IV. ORDER

20 Based on the foregoing, Aetna's Motion to Strike (Docket Item No. 40) is DENIED.
21 Owen's Motion to Expunge the Lis Pendens (Docket Item No. 31) is GRANTED. The lis
22 pendens recorded against 679 Cree Drive, San Jose, California, (APN 695-26-039), is hereby
23 expunged. Owen's request for attorney's fees and costs is DENIED.
24 The motion hearings scheduled for March 16, 2012, are VACATED.
25 **IT IS SO ORDERED.**
26 Dated: March 14, 2012

EDWARD J. DAVILA
United States District Judge

4
CASE NO. 5:11-cv-02287 EJD
ORDER DENYING DEFENDANT'S MOTION TO STRIKE; GRANTING DEFENDANT'S MOTION TO EXPUNGE LIS PENDENS